IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTOR CHARLES FOURSTAR,

    Petitioner,

v.

JOSIAS SALAZAR,

    Respondent.

Case No. 3:19-cv-00193-SI

OPINION AND ORDER

Victor Charles Fourstar
P.O. Box 252
Wolf Point, MT 59201

    Petitioner, *Pro Se*

Billy J. Williams
United States Attorney
Austin Rice-Stitt, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 in which he appears to challenge the execution of his sentence, the conditions of his confinement, and various prior criminal proceedings. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

While Petitioner was on supervised release from his conviction from Aggravated Sexual Abuse, he violated the terms of his release. As a result, on October 18, 2018, the District of Montana revoked his supervised release and sentenced him to ten months confinement to be followed by 39 months of supervised release. The Bureau of Prisons ("BOP") established Petitioner's projected release date as June 30, 2019, and it appears that the BOP released him at that time.[1]

Following the revocation of his supervised release, Petitioner filed this 28 U.S.C. § 2241 habeas corpus case on February 7, 2019 alleging that the BOP violated his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments as well as the 1868 Fort Laramie Treaty and Indian Civil Rights Act when it: (1) erred in computing his sentence; and (2) did not provide him with his desired amount of home confinement, time in

---

[1] Petitioner changed his address to a Post Office box on July 9, 2019.

2 - OPINION AND ORDER

a Residential Reentry Center ("RRC"), and gratuity. He also appears to claim that he is actually innocent of his underlying criminal conduct such that the BOP's refusal to extend his time in RRC placement due to an inaccurate criminal history are unlawful.

Respondent asks the Court to deny relief because: (1) most of Petitioner's claims amount to conclusory allegations without factual support; (2) his contention that he is entitled to extended RRC placement does not state a cognizable habeas corpus claim; (3) even if the RRC claim were cognizable in habeas, the Court lacks jurisdiction to grant the relief requested; and (4) Petitioner failed to exhaust his administrative remedies, leaving his claims ineligible for habeas corpus review.

## DISCUSSION

It appears that Petitioner's principal claim is that his Warden illegally refused to provide him with the maximum amount of RRC time available. Based upon Petitioner's June 30 release, his claim pertaining to extended RRC placement is moot. *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) ("an actual controversy must exist at all stages of the litigation").

Even if this were not the case, Petitioner would not be entitled to habeas relief as to his RRC claim because federal

3 - OPINION AND ORDER

courts lack jurisdiction to review the BOP's individualized determinations pertaining to RRC placement. *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) (no habeas jurisdiction in the context of BOP discretionary decisions made pursuant to 18 U.S.C. §§ 3621-24); *Mohsen v. Graber*, 583 Fed. Appx. 841, 842 (9th Cir. July 29, 2014) (no RRC jurisdiction pursuant to *Reeb*). Moreover, RRC placement is simply another form of custodial housing, and prisoners do not have a protected liberty interest in their security classification or place of incarceration. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991); *see also* 28 U.S.C. § 3624(c)(1) (the BOP "may" (not "must") place an inmate in a RRC during the last year of his sentence).[2]

Petitioner also claims to be actually innocent of multiple state and federal convictions and supervised release revocations. A § 2241 petition is typically used to challenge only the execution of a federal sentence, but it can also be utilized in limited cases under the "escape hatch" of § 2255 when a petitioner: (1) makes a claim of actual innocence; and (2) has

---

[2] Petitioner asserts that the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *United States v. Davis*, 139 S.Ct. 2319, should enable him to seek home confinement and, thus, community-based medical and mental health treatment. As discussed within this Opinion, Petitioner's claim for additional RRC placement is moot and also not cognizable in habeas.

not had an "unobstructed procedural shot" at presenting that claim. *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

In this case, Petitioner argues that he is actually innocent of a variety of prior criminal behavior, thus the BOP's refusal to provide him with maximum RRC placement is unlawful because he has a flawed criminal history. He maintains that at some point in the future he "will produce new reliable evidence and [an] expert witness after his tribal court proceedings showing the state and U.S. lacked probable cause and accuser(s) lacked credibility but suppressed." Supplemental Memorandum (#12), p. 11. Petitioner's assertion that he will be proven innocent in a future proceeding based upon lack of probable cause and accuser credibility does not constitute a viable claim of actual innocence. Even if it did, Petitioner's underlying claim is that he is entitled to additional RRC placement, an issue that is not cognizable even if it were not moot.

To the extent Petitioner seeks to challenge the BOP's calculation of his federal sentence, he has not exhausted his administrative remedies as to this (or any other) issue.[3] Declaration of Jennifer Vickers (#10). Requiring a petitioner to

---

[3] Petitioner's assertion that the exhaustion requirement does not apply to him because the BOP recently released him from custody is unavailing. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (exhaustion of administrative remedies required prior to filing suit); *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (proper time to determine exhaustion is at the time of filing).

5 - OPINION AND ORDER

exhaust his administrative remedies is important because it aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Where Petitioner has not exhausted his administrative remedies regarding the calculation of his sentence, the Court declines to address the issue on its merits.[4]

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12th day of August, 2019.

_____
Michael H. Simon
United States District Judge

---

[4] To the extent Petitioner moves in his Supplemental Reply for leave to amend his Petition, that request is denied for lack of service and because it is untimely.

6 - OPINION AND ORDER